UNITED STATES of America, Plaintiff–Appellee,

v.

Gaudencio VILLA–GUTIERREZ, Defendant–Appellant.

No. 05–40946.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Gaudencio Villa–Gutierrez pleaded guilty to being found in the United States after deportation and was sentenced to 30 months of imprisonment and two years of supervised release.

Villa–Gutierrez argues that the district court erred in treating his prior state conviction for attempted possession of narcotic drugs as an aggravated felony. He concedes that his argument is foreclosed

---

by current Fifth Circuit law, citing *United States v. Rivera*, 265 F.3d 310, 312–13 (5th Cir.2001) and *United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir.1997). Thus, the district court did not err in applying the eight-level adjustment to his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(C) based on his prior state felony drug conviction. *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir.2005). *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943) does not affect the binding precedential value of *Rivera* and *Hinojosa–Lopez*.

Villa–Gutierrez argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. Specifically, he argues that the viability of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is in doubt in light of later Supreme Court cases.

Villa–Gutierrez's constitutional challenge is foreclosed by *Almendarez–Torres*. Although Villa–Gutierrez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Villa–Gutierrez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under